NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SEAN C. KIELTY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-01404 (JAP) |
| | : | |
| USAA FEDERAL SAVINGS BANK, | : | **OPINION** |
| | : | |
| Defendant. | : | |

PISANO, District Judge.

      This is an action brought by Plaintiff Sean Kielty ("Plaintiff") against Defendant USAA Federal Savings Bank ("Defendant")[1] for violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collections Practices Act ("FDCPA").  Presently before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 (dkt. entry no. 3). Plaintiff, who is proceeding *pro se*, has not filed a response to the Motion.  The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim.  Accordingly, Defendant's Motion to Dismiss shall be granted.

      Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Hunterdon County, on February 4, 2013.  In the Complaint, he alleges that Defendant violated the FCRA on at least ten separate occasions because Defendant "repeatedly fail[ed] to notify [Plaintiff] prior to and following the recording of negative information on [his] credit report(s)." He further alleges that Defendant violated the FDCPA by "harassment via phone calls after

---

[1] USAA was pled as "USAA Credit Card" in the Complaint.

invocation of rights." Defendant removed the matter to this Court on March 7, 2013.

Defendant now moves to dismiss the Complaint, arguing that Plaintiff's claims must be pursuant to principles of *res judicata* because Plaintiff previously filed suit against Defendant in New Jersey State court for the same matters alleged in the instant lawsuit and that lawsuit was dismissed on May 15, 2012 for lack of prosecution. Defendant further argues that Plaintiff's Complaint fails as a matter of law because it does not allege exactly what the violations were, when the violations occurred, or how Plaintiff was damaged by Defendant's conduct. Plaintiff has not responded to the Motion to Dismiss.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson*, 551 U.S. at 94; *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Here, the Court construes Plaintiff's Complaint liberally, as it is required to do, but nonetheless finds that dismissal of the complaint is warranted.

Plaintiff's Complaint consists of an extremely brief statement on a New Jersey State court Complaint form, and appears to allege violations of the FCRA based on Defendant's purported failure to notify Plaintiff prior to recording negative information on his credit report on at least ten separate occasions. Plaintiff also alleges violations of the FDCPA based on at five instances of "harassment via phone calls" by Defendant. Plaintiff provides absolutely no factual support for claims, however, which is insufficient under Rule 8(a). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (Rule 8 of the Federal Rules of Civil Procedure requires sufficient allegations to put defendants fairly on notice of the claims against them so that they may adequately respond). In particular, Plaintiff does not provide any information regarding when the harassing phone calls were made or what was said during such calls. Nor does he identify what negative information was recorded on his credit report or when any such recording took place. Such vague and conclusory allegations will not survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("[Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim under Rule 12(b)(6)). The Complaint fails to put Defendant on notice of any facts giving rise to his claims and must be dismissed. Because the

Court finds that Plaintiff has failed to state a claim, it does not need to address the remaining arguments in Defendant's Motion to Dismiss and declines to do so at this time.

/s/ Joel A. Pisano<br>JOEL A. PISANO, U.S.D.J.

Dated:   July 24, 2013